Are you ready, Mr. Callum? Yes, Your Honor. May it please the Court. My name is Edward Callum. I'm a sole practitioner. I'm representing the appellant DUPACO, Inc. DUPACO is a small manufacturing company located in Oceanside, California, which is about 30 miles north of San Diego. And it's on the southern boundary of the United States Marine Corps base at Camp Pendleton. DUPACO is appealing a decision of the Board of Patent Appeals and Interference that upheld an affirmance of a rejection by a reexamination examiner of Claim 1 of DUPACO's Macy patent and Claim 32, which was added by amendment during the interference. The examiner erred in interpreting the claim of the Claims 1 and 32 in such a manner that she found that Claims 1 and 32 were anticipated by a patent to a wry. When a claim recites an element for providing a particular function, in order for there to be anticipation by a reference, that reference must disclose that element that is capable of providing the function that is recited in the claim. In this case, it does not. Excuse me. Is the preamble in this instance a limitation? That's where the cranial support comes in. In Claim 1, the limitation is in the preamble. In Claim 32, the limitation is not in the preamble. Both claims recite a helmet apparatus, and both claims recite a cushion. The preamble in Claim 1 is a helmet apparatus for providing cranial support of a patient during surgery. Claim 32 recites a protective helmet apparatus comprising a cushion for providing cranial support during surgery. But in both claims, the only element of our apparatus that is recited is the cushion. There's no other element, no structural element other than the cushion. Therefore, the cushion, per se, must be capable of providing cranial support during surgery. Counselor, when I look at the prior art, the Arai'i helmet, that may not be the best option for surgical use, but you can certainly use it in a surgical context, couldn't you? I mean, if you're... Well, I don't think anybody ever would because of the full helmet. Most helmets we see are spherical. They have a spherical characteristic. I wasn't asking whether anybody ever would. Well, there's evidence in the record way down below that Dr. Masey, one of the co-inventors of the patent, gave his opinion that it couldn't be used because of the instability and it wouldn't be able to provide structural support during surgery. And the examiner didn't buy that, nor did the board. Now, the Arai patent itself is directed to a helmet for a driver of a motorbike or an automobile. And the Arai patent discloses a helmet apparatus. It has a fiberglass reinforced casing. And inside the casing, there are a number of cushioning pads. These pads cushion the face of the wearer of the helmet. And these are the only cushioning elements that are disclosed. These cushioning elements by themselves are not capable of providing structural support during surgery. Therefore, claims 1 and 32 are not anticipated by the Arai patent. Why did you call your device a helmet? It was called a helmet apparatus. And the apparatus includes, the total apparatus, includes not only the cushion, but also a protective helmet, a casing. And the cushion can be fitted within that casing. It doesn't have to be. The cushion can be used independently to provide structural support. Claims 1 and 32 recite the use of a cushion, but I don't see anything in there that requires a cushioning alone to provide cranial support. It doesn't say that, but the cushion is the only element, the only structural element that is recited in that claim. Therefore, the cushion must be capable of providing. This is the structure of the cushioning to accommodate the facial structure. That's one thing it does, it accommodates the facial structure, but it must also provide cranial support during surgery. Well, but you could take this convex helmet and put it into a concave support device and then it would provide precisely the support that is required, right? No, the concave support device would be the one that's providing support. The spherical helmet casing is merely a carrier for the cushion. Do you need to address the claim differentiation point? I was going to get to that. 33 is explicitly providing the support, so 32 we would read following the Phillips case, among others, as lacking that. Well, claim 32, I'll concentrate on that one. The director has rebutted only the interpretation of claims 1 and 32 that is argued by DePaco. The only rebuttal to that argument is to say that it would violate the doctrine of claim differentiation. And in this regard, the director says it violates the doctrine of claim differentiation because dependent claims 2 and 33, directly dependent on claims 1 and 32, claim that the cushion is so dimensioned that an exterior surface of the cushion may be supported on a mounting surface. And it's no need to argue that particular point because claims 2 and 33 have further limitations. They also recite that the cushion is interchangeably positionable between a first position in which it is cooperatively engaged in a helmet casing and a second position in which it is an exterior surface of the cushion is mounted on, supported by a mounted surface. And because of this further limitation, the doctrine of claim differentiation is not applicable in this case because the meaning and the scope of claims 2 and 33 are different than the scope of claims 1 and 32 that is argued by DePaco. Under DePaco's interpretation, there is really no anticipation. Shall we hear from Mr. Wood? Thank you. We'll preserve the rest of your time for rebuttal. Thank you, Mr. Wood. Thank you, Your Honor. May it please the Court? Thirty-eight of the 40 claims at issue here have been confirmed patentable. The only claims that we're dealing with are the broadest claims, claims 1 and 32, which are so broad that they extend beyond the subject matter that we agree is patentable into the prior art and specifically into a RISE helmet. We don't, the Director does not rely on the fact that in claim 1, the limitation, the functional limitation at issue providing cranial support during surgery is found in the preamble. What we do rely on is an argument based on the Schreiber case, which is if the, as here, the structure that exists in claim 1 can be found in the prior art. But isn't it a little stretching a bit to say a motorcycle helmet is a surgical device? Well, I believe under Schreiber, we... To prevent that surgery, not enable it. I think under Schreiber, we don't need to show that the Arai helmet has been used or there's evidence that it can be used. I understand that, but there's just kind of a stretch, isn't it, to see a spherical helmet that's going to rotate from side to side on a anesthetized patient as providing the kind of support that this patent is wholly directed to. I think I would answer that by pointing to the preferred embodiment in the patent, which is depicted, or one of the two preferred embodiments of the patent, depicted in claim 7. And even in the preferred embodiment, additional structure, a mounting plate is required to provide the support. So the preferred embodiment does not rely on a completely flat table. It requires some additional structure to provide the necessary support, none of which is claimed. But the PTO conceded that the cushioning in the Arai helmet alone cannot provide cranial support. That is correct, Your Honor. Doesn't that undercut your argument today? No. Our argument is that the helmet of claim 1 provides support via the cushion in conjunction with the cap, or it covers, in other words, it covers a helmet that provides support where the cushion is a necessary but not sufficient component of that support, as in Arai. In comparison to, for example, claims 2 and 33, where it specifically claimed that the cushion alone, without any additional structure, be capable of providing the support. 32 doesn't define cranial support. So how much support is required in order to, that must be provided by the cushion in claim 32? Well, that is unclear, Your Honor, from the claim. I mean, it's support, and that is not really something that was, an argument that was raised by DuPaco in its case. So it's a difficult question to answer, but we do know that it must sort of conform to facial structures, which is what we have both in the preferred embodiment and Arai's helmet. Also, Now claim 32 does say specifically the cushion for providing cranial support during surgery. It kind of reintroduces the question of whether Arai could be a surgery device. Yes, but claims 32 does not exclude the possibility that the cushion provides the support in conjunction with an exterior cap or casing. And that is clear, again, by comparison to claim 33, where it is specifically required that the cushion be operable in a mode in which it provides support inside a casing or in conjunction with the casing. So claim one necessarily includes that capability, or at least it encompasses a device that provides that capability alone, or in that manner. I take it that your read of the Schreiber line of cases would be along the following line. Tell me if this is not, this may be an oversimplification. That one could not go into the PTO and say, here's my claim, a standard motorcycle helmet used for stabilizing and cushioning in a surgical setting and get an apparatus claim. That is correct, Your Honor. And your argument then is you can't get around that proposition by describing the standard motorcycle helmet by all of the various attributes that a motorcycle helmet has, but not call it a motorcycle helmet. That is correct, Your Honor. You can't get a patent on an old structure just by adding to it a new, even an unobvious function. No matter how wildly disparate the various uses might be. That is correct, Your Honor. I recall Schreiber, they were pretty wildly disparate. One was a popcorn dispenser and the other was an oil can. That's exactly right, Your Honor. And as here, there's minimal structure that is specifically claimed in Claims 1 and 32. And what Schreiber does is it encourages the express claiming of structure rather than implicit in a function where it's really left, there's some confusion about what structure might be covered. You get a structure for all its uses, period. That's Patent Law 101, right? Exactly, Your Honor. Unless the Court has any additional questions, I cede the rest of my time. Thank you. Mr. Wood? Mr. Allen? I start in my first patent law class with that very statement. You get a product claim. You have it for all its uses and however it's made. Why doesn't this case prove that proposition? Because the arrived patent does not meet a correct interpretation of the claim wherein the cushion by itself, the cushion per se, must be capable of providing cranial support during surgery. The only element that's recited in Claims 1 and 32 is the cushion. Therefore, the cushion per se must be capable of providing that support. I don't think that the director made no attempt, really, to rebut DuPaco's argument that there is no violation of the doctrine of claim differentiation. And the director has not rebutted DuPaco's argument that the claim must be interpreted such that the cushion per se must be capable of providing cranial support during surgery. And there's no evidence has been offered. There's no evidence in the record that the cushioning pads of a rise helmet apparatus is capable of providing structural support during surgery. Thank you for your consideration. Please reverse and hold the patent Claims 1 and 32 down. Thank you, Your Honor. Mr. Callan. Our next.